IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01416-BNB

JAMES L. BROWN, SR.,

Applicant,

v.

R. WILEY, Warden,

Respondent.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 28 2008

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Applicant James L. Brown, Sr., is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp at Florence, Colorado. Mr. Brown initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on July 15, 2008, Magistrate Judge Craig B. Shaffer ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies. On August 4, 2008, Respondent filed a Preliminary Response to the habeas corpus application. On August 20, 2008, Mr. Brown filed a reply to the preliminary response.

The Court must construe the documents filed by Mr. Brown in this action liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Brown is challenging the BOP's determination that he is not eligible to receive a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete a substance abuse treatment program. Mr. Brown alleges that the BOP has determined he is not eligible for a sentence reduction based on a 1974 Oregon state conviction for second degree assault. Mr. Brown argues that his 1974 conviction for second degree assault should not preclude him from eligibility for a sentence reduction because that conviction is not the equivalent of an aggravated assault under federal law.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Brown. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by

2

attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

The BOP administrative remedy procedure provides that informal resolution attempts must be completed and a formal grievance submitted within twenty days after the date on which the basis for the grievance occurred. *See* 28 U.S.C. § 542.14(a). The administrative remedy procedure also provides that a grievance must be submitted to the institution staff member designated to receive grievances, which ordinarily is a correctional counselor. *See* 28 C.F.R. § 542.14(c)(4). Finally, the BOP administrative remedy program provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *See* 28 C.F.R. § 542.18. A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. *See* 28 C.F.R. § 542.17(a).

Mr. Brown concedes that he did not exhaust administrative remedies prior to filing the instant action. He further concedes that he still has not completed the administrative remedy procedure because he only recently received a response to his regional appeal. However, Mr. Brown argues that this action should not be dismissed for failure to exhaust administrative remedies because exhaustion would be futile. The

3

exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, Mr. Brown fails to convince the Court that exhaustion of administrative remedies would be futile in the instant action.

Mr. Brown first argues that exhaustion would be futile since the BOP has predetermined the issue. The Court disagrees. Although Mr. Brown's argument that his 1974 conviction for second degree assault is not the equivalent of an aggravated assault under federal law so far has not succeeded, he fails to convince the Court that the issue of whether his particular 1974 conviction for second degree assault makes him ineligible for a sentence reduction was predetermined before Mr. Brown initiated the administrative remedy procedure. The BOP has predetermined that all aggravated assaults make an inmate ineligible for a sentence reduction, but Mr. Brown is not challenging that general policy. Instead, Mr. Brown challenges how that general policy is being applied to his 1974 conviction for second degree assault.

Mr. Brown also argues that this action should not be dismissed for failure to exhaust administrative remedies because the warden had not responded to his institution-level grievance at the time he filed this action. After the instant action was filed, Mr. Brown received a response from the warden, he filed a regional appeal, and he has received a response to his regional appeal. Mr. Brown does not allege whether he has filed a national appeal.

Mr. Brown argues that the warden's failure to respond in a timely manner should excuse the exhaustion requirement because Mr. Brown could not complete the administrative remedy procedure without a response from the warden. Mr. Brown

4

specifically takes issue with Respondent's contention that Mr. Brown could have filed his regional appeal when the time for a response from the warden expired even though he had not received a response. *See* 28 C.F.R. § 542.18. In support of his argument Mr. Brown attaches a copy of a rejection notice he received regarding a regional appeal he filed on another issue. Mr. Brown asserts that the regional appeal was rejected because he had not received an answer at the institution level.

The Court has reviewed the copy of the rejection notice Mr. Brown has attached to his reply and finds that Mr. Brown has not accurately characterized the reason for the rejection of that appeal. The reason the appeal was rejected, as specified on the rejection notice, was that "you must first file a BP-9 request through the institution for the warden's review and response before filing an appeal at this level." (Reply at Att. A.) The rejection notice does not indicate that Mr. Brown actually filed a grievance with institution staff and had waited for the time for a response to expire before filing an appeal. Instead, the rejection notice indicates that Mr. Brown did not file a grievance with institution staff. Therefore, the Court finds that the warden's failure to file a timely response to Mr. Brown's grievance does not justify waiving the exhaustion requirement in this action. There is no indication that Mr. Brown sought to file a regional appeal when the time for a response from the warden expired and he may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

Finally, Mr. Brown argues that this action should not be dismissed for failure to exhaust administrative remedies because he will be prejudiced if he is required to

5

complete the administrative remedy procedure. He specifically argues that it will take too long to exhaust administrative remedies and that he may be entitled to his release before he can complete the administrative remedy procedure. Mr. Brown apparently believes that he will be required to begin the administrative remedy procedure anew if the instant action is dismissed for failure to exhaust. However, it is not clear why Mr. Brown believes he would have to start over, unless he is not raising in the administrative remedy procedure the claims he is pursuing in the instant action. If that is the case, any prejudice Mr. Brown suffers will be self-imposed. Assuming Mr. Brown properly has raised in the administrative proceedings the claims he intends to pursue in court and that he has filed a national appeal after receiving a response to his regional appeal, it appears that he soon will exhaust administrative remedies.

In conclusion, the Court finds that the instant action must be dismissed because Mr. Brown failed to exhaust administrative remedies prior to seeking judicial relief. Mr. Brown's alternative request to stay this action while he completes the administrative remedy procedure is denied. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 28 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01416-BNB

James L. Brown, Sr.,
Reg. No. 00132-111
FPC - Florence
PO Box 5000
Florence, CO 81226

John M. Hutchins
Assistant US Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** and copy of the receipt to the above-named individuals on 8/28/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk